UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELL JOHNSON,

        Plaintiff,

v.

ANDREW MEISNER, *et al.,*

        Defendants.

_____/

Case No. 2:19-cv-11569
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS HABITAT COMPANY OF MICHIGAN & 5000 TOWN CENTER ASSOCIATES (ECF 44)

**A.    A few Defendants have yet to appear.**

Plaintiff filed the instant case *in pro per* on May 29, 2019. (ECF 1.) The complaint names a multitude of Defendants, which can be grouped as follows:

- The Oakland County Defendants (the County and Andrew Meisner)

- The 5000 Town Center Associates Limited Partnership Defendants (the Partnership, Elena Sciopu (elsewhere identified as the property manager), and Gary A. Taback)

- Defendant Habitat Company of Michigan, LLC

- Defendant Michigan Municipal Risk Management Authority (MMRMA)

- The City of Southfield Defendants (the city and 10 individuals)

- The Southfield Non-Profit Housing Corporation Defendants (the Corporation and 7 individuals)

- The SNRI Defendants (the Initiative and 3 individuals)

- Defendant Habitat for Humanity

(ECF 1 at 1-2; *see also* ECF 50 at 8.)[1] Plaintiff alleges violations of his rights to just compensation, freedom from excessive fines, and equal protection. (ECF 1 at 15-18.)

Defendant 5000 Town Center Associates, Defendant Gary Taback,[2] and Defendant Habitat Company of Michigan have yet to appear.

### B. Plaintiff's October 2, 2019 motion for alternative service as to Defendant Habitat Company of Michigan and Defendant 5000 Town Center Associates (ECF 44) is denied without prejudice.

Judge Tarnow has referred this case to me for all pretrial matters. (ECF 38.) Currently before the Court is Plaintiff's October 2, 2019 motion for alternative

---

[1] This list of Defendants is based upon the caption of the complaint. Fed. R. Civ. P. 10(a) ("Caption; Names of Parties."). By comparison, the "Parties" section of Plaintiff's complaint does not list the Oakland County Defendants. (*See* ECF 1 at 11-13 ¶¶ 9-15.)

[2] According to the State Bar of Michigan's Member Directory, attorney Gary A. Taback is deceased. *See* www.michbar.org, "Member Directory," last visited Oct. 22, 2019. In any event, it may be the case that Taback was named only as 5000 Town Center Association's agent for service of process. Plaintiff needs to clarify this to the Court. (*See* https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?ID=801920605&SEARCH_TYPE=3.)

service on Defendant Habitat Company of Michigan and Defendant 5000 Town Center Associates. (ECF 44.)

By way of background, Plaintiff identifies Defendant 5000 Town Center Associates as "the owner of the property at 5000 Town Center, Southfield, MI 48075[,]" and Defendant Habitat Company of Michigan as "the management company of 5000 Town Center, Southfield, MI 48075." (ECF 1 ¶¶ 10-11.)[3] 5000 Town Center Associates Limited Partnership is a domestic limited partnership with an address of 2000 Town Center, Ste 900, Southfield, MI 48075, and The Habitat Company of Michigan LLC is a foreign limited liability company, which is organized under the laws of the State of Illinois and has a registered agent (Mary Bates) and a registered office mailing address (26913 Northwestern Hwy, #169, Southfield, MI 48033).[4]

On June 6, 2019, the Clerk's Office issued 26 summonses, which included summonses for these defendants and listed the appropriate aforementioned addresses. (ECF 4 at 1, 24.) In the instant motion, Plaintiff claims that his "extensive efforts" to serve these Defendants in accordance with Fed. R. Civ. P. 4

---

[3] It does appear that The Habitat Company manages the 5000 Town Center Tower property. *See* http://www.habitat.com/our-work?role=management.

[4] *See* https://cofs.lara.state.mi.us/SearchApi/Search/Search.

"have failed," and that these Defendants "are intentionally avoiding service of process." (ECF 44 at 1.)

The Federal Rule of Civil Procedure governing summons provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Fed. R. Civ. P. 4 further provides that:

> [u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> **(1)** following <u>state law</u> for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

Here, it appears that Plaintiff's June 21, 2019 attempts to serve Defendant 5000 Town Center Associates Limited Partnership and Defendant The Habitat Company of Michigan, L.L.C. were made in accordance with Michigan Court Rules 2.105(C) ("Partnerships; Limited Partnerships."), 2.105(D) ("Private

4

Corporations, Domestic and Foreign."), and/or 2.105(E) ("Partnership Associations; Unincorporated Voluntary Associations."). (ECF 44 at 7-9.) The related United States Postal Service (USPS) certified mail tracking results suggest that: (1) the envelope addressed to 5000 Town Center Associates Limited Partnership was delivered to the original sender – presumably Plaintiff – on July 18, 2019; and, (2) the envelope addressed to Taback (the agent for service of process) was returned to the sender – again presumably Plaintiff – on July 26, 2019 "because the addressee was not known at the delivery address noted on the package." (*See* www.usps.com (70181830000018964224, 70181830000018964170).) Presumably, this occurred because Tabak is deceased, unless "the report of [his] death was an exaggeration."[5] As for the tracking number that Plaintiff claims was associated with the envelope addressed to Habitat Company of Michigan, the most recent line of its Tracking History is dated June 26, 2019 and notes: "Your package is moving within the USPS network and is on track to be delivered to its final destination. It is currently in transit to the next facility." (*See* www.usps.com (70181130000121492147).) Thus, these attempts at service do not appear to have been successful, at least, based on what has been presented to the Court.

---

[5] Attributed to Mark Twain, May 1897. *See*, *e.g.*, http://twainquotes.com/Death.html (last visited Oct. 30, 2019).

Now, Plaintiff requests permission to serve Defendant Habitat Company of Michigan and Defendant 5000 Town Center Associates in accordance with M.C.R. 2.106 ("Notice by Posting or Publication"). (ECF 44 at 3.) Upon consideration, Plaintiff's motion for alternative service is **DENIED WITHOUT PREJUDICE**. Plaintiff shall make a further attempt to serve The Habitat Company of Michigan and 5000 Town Center Associates in accordance with in accordance with M.C.R. 2.105. In light of Taback's apparent demise, Plaintiff should explore other viable means of serving 5000 Town Center Associates Limited Partnership, for which Taback previously served as a resident agent. Should these additional efforts result in returns to sender, Plaintiff may renew his motion for alternative service by attaching evidence of the latest unsuccessful attempts.

**IT IS SO ORDERED.**

Dated: October 30, 2019
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 30, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti