UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELL JOHNSON,

           Plaintiff,

             v.

ANDREW MEISNER, ET AL.,

           Defendants.

_____/

Case No. 19-cv-11569

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY J. PATTI

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [55]; OVERRULING IN PART AND SUSTAINING IN PART DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION [56, 57, 58, 59, 60]; SUSTAINING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [60]; DENYING WITHOUT PREJUDICE DEFENDANTS SOUTHFIELD NEIGHBORHOOD REVITALIZATION, OAKLAND COUNTY, CITY OF SOUTHFIELD, HABITAT FOR HUMANITY, SCIOPU AND MMRMA'S MOTIONS TO DISMISS [9, 10, 13, 17, 22, 50] AND ADMINISTRATIVELY STAYING CASE**

Plaintiff Dell Johnson commenced this action on May 29, 2019 alleging violations of his constitutional rights to due process, just compensation, and equal protection, for the taking of excess proceeds from his property's foreclosure sale. (ECF No. 1). Before the Court is (1) the Southfield Neighborhood Revitalization Initiative ("SNRI") / Southfield Non-Profit Housing Corporation ("SNPHC") Defendants' July 12, 2019 Motion to Dismiss (ECF No. 9); (2) the Oakland County Defendants' July 15, 2019 Motion for Dismiss (ECF No. 10); (3) the City of Southfield Defendants' July 15, 2019 Motion to Dismiss and for Sanctions (ECF

No. 13); (4) Defendant Habitat for Humanity's ("HFH") July 25, 2019 Motion to Dismiss (ECF No. 17); (5) Defendant Michigan Municipal Risk Management Authority's ("MMRMA") August 12, 2019 Motion to Dismiss (ECF No. 22); and, (6) Defendant Sciopu's October 22, 2019 Motion to Dismiss and for Sanctions (ECF No. 50). Plaintiff filed responses. (ECF Nos. 20, 26, 27, 28, 34, 53) Defendants filed replies. (ECF Nos. 29, 30, 31, 33, 43, 54).

On December 27, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant HFH and MMRMA's motions to dismiss; grant in part and deny without prejudice in part Defendant Sciopu's motion to dismiss; deny without prejudice Defendants  SNRI, Oakland County, and the City of Southfield's motions to dismiss and administratively stay the case pending decisions in *Rafaeli, LLC v. Oakland Cty.*, No. 156849 (Mich.) and *Freed v. Thomas*, No. 18-2312 (6th Cir.). Plaintiff filed an Objection [60]. Defendants City of Southfield, SNRI, MMRMA, Oakland County filed Objections [56, 57, 58, 59]. Plaintiff filed Responses [61, 62, 63, 64, 65]. Defendants City of Southfield and MMRMA filed Replies [66, 67].

For the reasons stated below, **ADOPTS in part** the R&R [55]; **DENIES WITHOUT PREJUDICE** all Defendants Motions to Dismiss [**9, 10, 13, 17, 22, 50**] and administratively **STAYS** the case pending the decisions in *Rafaeli, LLC v. Oakland Cty.*, No. 156849 (Mich.) and *Freed v. Thomas*, No. 18-2312 (6th Cir.).

## FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

### A. State Court History

The instant lawsuit concerns the property commonly known as 5000 Town Center, Unit 1304, Southfield, MI 48075, which was conveyed to Dell Johnson as early as 2012 for consideration of $41,000.00. (ECF No. 1, PageID.22-23.) On June 7, 2016, the Oakland County Treasurer filed a property tax foreclosure action as to multiple pieces of real property, seemingly including Johnson's condominium. *See In the Matter of the Petition of the Treasurer's Office of the County of Oakland, Michigan, for the Foreclosure of Certain Lands for Unpaid Property Taxes*, Case No. 2016-153362-CZ (Oakland County Circuit Court).

On January 17, 2017, Johnson agreed to pay his past due 2013 property taxes ($2,711.72) before February 28, 2017. He appears to have paid a total of $2,400.00 on February 27, 2017. On or about March 6, 2017, he paid the remaining $311.72, plus $2.67 for an additional week of interest, and signed a 2017 LS Delinquent Property Tax Payment Plan, within which he committed to paying $260 per month to the Oakland County Treasurer toward his property tax delinquency for 2014 and 2015. The first payment was to be received before March 31, 2017.

Meanwhile, it appears that, on February 8, 2017, judgment was entered vesting absolute title to the property in the Oakland County Treasurer. (ECF Nos. 3 9-3, 13-2; see also ECF No. 1, PageID.23.) At the same time, Oakland County Treasurer, Andrew E. Meisner, signed a notice of judgment. (*Id.*) Within that calendar year, the property was twice conveyed: (1) on July 31, 2017, Oakland County Chief Deputy Treasurer, Jody Weissler DeFoe, signed a deed, which conveyed in fee simple interest to grantee City of Southfield for the sum of $8,296; and, (2) three months later, on October 31, 2017, Mayor Kenson J. Siver and City Clerk Nancy L.M. Banks signed a quit claim deed, which quit claimed the City of Southfield's interest to Southfield Neighborhood Revitalization Initiative, L.L.C. (SNRI) for the sum of $1.00. (ECF No. 1, PageID.23.)[1]

---

[1] The Undersigned takes judicial notice of: (1) Oakland Country Treasurer Delinquent Property Tax Past Due Payment (January 17, 2017); (2) the 2017 LS Delinquent Property Tax Payment Plan (March 6, 2017); (3) the Deed

Johnson's efforts in 2018 to set aside the judgment of foreclosure were unsuccessful. On or about March 21, 2018, Johnson, then represented by counsel, filed a motion to set aside judgment of foreclosure, which the court denied on April 30, 2018. (ECF Nos. 9-4, 13-3, 13-4.) Johnson filed a pro se motion for reconsideration, which the court denied on May 22, 2018. (ECF Nos. 13-5, 13-6.) On June 11, 2018, SNRI secured a possession judgment. (ECF Nos. 9-5, 9-6 [Case No. LT 18 0991 (46th District Court)].)

### B. Prior E.D. Mich. Case

On July 27, 2018, Johnson initiated a lawsuit in pro per against Defendants City of Southfield, Oakland County, Andrew E. Meisner, Jody Weissler Defoe, and SNRI. *Johnson v. City of Southfield*, et al., Case No. 2:18-cv-12348-AJT-APP (E.D. Mich.). Thereafter, counsel entered an appearance on Plaintiff's behalf and, on August 27, 2018, filed an amended complaint, which alleged, *inter alia*, violations of Plaintiff's rights to due process, just compensation, and equal protection. Among other things, Johnson generally alleged that "[t]he taking of [his] property and equity is an unlawful government taking without compensation, and without proper notice to [him]." (*Id.*, ECF No. 13, PageID.179 ¶ 10.)

On January 8, 2019, the Court granted Defendant SNRI's and the County Defendants' motions to dismiss, entered judgment, and closed the case. *Johnson v. City of Southfield*, No. 18-12348, 2019 WL 130291 (E.D. Mich. Jan. 8, 2019). (*See also* ECF Nos. 9-2, 22-2, 50-2.)

### C. The Instant Case

Plaintiff filed the instant case in pro per on May 29, 2019. (ECF No. 1.)[2] The initial pleading names a multitude of Defendants, which can be grouped, based upon the caption of the complaint, as follows:

---

(July 31, 2017); (4) the Quit Claim Deed (October 31, 2017); and, (5) Oakland County Treasurer's Office Payment Progress Reports (March 6, 2017 & November 28, 2017). See Johnson v. City of Southfield, et al., Case 2:18-cv-12348-AJT-APP (E.D. Mich.) (ECF No. 7-2, PageID.56, 58-59, 61, 63; ECF No. 28-4, PageID. 459, 461, 463.)

[2] Plaintiff Johnson's May 29, 2019 complaint bears a striking resemblance to Plaintiff Edwards's May 9, 2019 amended complaint in Case 2:19-cv-10047-PDB-APP (E.D. Mich.). In fact, Plaintiff Johnson attaches to some of his

- The Oakland County Defendants (the County and Andrew Meisner)
- The 5000 Town Center Associates Limited Partnership Defendants (the Partnership, Elena Sciopu, and Gary A. Taback)
- Defendant Habitat Company of Michigan, LLC
- Defendant Michigan Municipal Risk Management Authority (MMRMA)
- The City of Southfield Defendants (the city and 10 individuals)
- The Southfield Non-Profit Housing Corporation (SNPHC) Defendants (the Corporation and 7 individuals)
- The SNRI Defendants (the Initiative and 3 individuals)
- Defendant Habitat for Humanity (HFH)

(ECF No. 1 at 1-2.) By comparison, the "Parties" section of Plaintiff's complaint does not list the Oakland County Defendants. (*See* ECF No. 1 at 11-13 ¶¶ 9-15.) Lest there be any confusion, Plaintiff identifies the Habitat Company of Michigan, LLC, as "the management company of 5000 Town Center," and Habitat for Humanity of Oakland County as "a Michigan based corporation . . . ." (ECF No. 1, PageID.12 ¶¶ 11, 14.)

Plaintiff's complaint begins with a 7-page, narrative "introduction." (ECF No. 1, PageID.3-10.) However, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Looking to the numbered paragraphs, which bear marked similarities to those in the amended complaint filed by counsel in Plaintiff's prior federal case, Plaintiff generally alleges that "[t]he taking of [his] property and equity over and above the fine for the delinquent taxes is an unlawful government taking without just compensation and an infringement of [his] Eighth and Fourteenth Amendment rights under the U.S. Constitution." (ECF No. 1, PageID.11 ¶ 6 (emphasis added).)

---

filings the City of Southfield's October 16, 2018 letter to Edwards. (ECF No. 20, PageID.23-24; ECF No. 26, PageID.657-658; ECF No. 27, PageID.703-704; ECF No. 28, PageID.743-744.)

Although Plaintiff's operative pleading mentions several sources of authority, Plaintiff's federal equity-based causes of action include:

**(1)** alleged violations of his rights to just compensation and freedom from excessive fines, i.e., a claim based upon the Fifth Amendment and/or the Eighth Amendment.

**(2)** an alleged violation of his right to Equal Protection, i.e., a claim based upon the Fourteenth Amendment, in connection with which Plaintiff seems to suggest that distribution of proceeds from a GPTA foreclosure for delinquent property taxes should occur like distribution of proceeds under Mich. Comp. Laws § 600.3252 for a mortgage foreclosure, and he compares the process in Oakland County with that of Wayne County; and,

**(3)** a municipal liability claim against the Oakland County Defendants, which additionally mentions deprivation of his right to due process, i.e., presumably a claim based upon the Fourteenth Amendment.

(ECF No. 1, PageID.15-18 ¶¶ 31-45.) That Plaintiff intended his federal constitutional claims to be based on the Fifth, Eighth and Fourteenth Amendments is consistent with other portions of his operative pleading. (See, e.g., ECF No. 1, Page.ID 4, 8-11, 15.) However, it is worth noting: "Given that the [Eighth] Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989). Plaintiff seeks injunctive, as well as other forms of, relief. (ECF No. 1, PageID.18-20 ¶¶ 46-48, A-F.)

## STANDARD OF REVIEW

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1)(c). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the

findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Ordinarily, objections that lack specificity do not receive *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In addition, the Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3).

**ANALYSIS**

Defendants have launched a total of 13 objections to the R&R. Because all of the objections argue that the Magistrate Judge erred in concluding that the Court should administratively stay the case pending decisions in *Rafaeli* and *Freed*, the Court will address them together.

### 1. Defendants Objections: The Magistrate Judge erred in concluding that this case should be stayed pending resolution in *Rafaeli* and *Freed*.

Defendants object to the R&R because the Magistrate Judge deferred ruling on their motions till after the 6th Circuit and Michigan Supreme Court rulings in *Rafaeili* and *Freed*, respectively. Because the Court agrees that both the jurisdictional and substantive arguments raised in the motions to dismiss are being considered by two courts with binding authority, the objections are overruled.

Although this Court previously dismissed this case for lack of jurisdiction under the *Rooker-Feldman* doctrine (*Johnson v. City of Southfield*, et al., Case No.

2:18-cv-12348-AJT-APP, ECF No. 36 (E.D. Mich.)), the Court finds that the legal landscape of the issues raised have shifted to allow a second look. *See Wayside Church, et al. v. County of Van Buren*, Case No. 2:14-cv-1274, ECF No. 64 (reopening case after dismissal because "intervening development in the law warranted[ed] further consideration").

*Rafaeli*, presents facts and law very similar to the case hand. Rafaeli alleges that the taking surplus proceeds from his property's foreclosure is unconstitutional. *Rafaeli, LLC v. Wayne Cty*., No. 14-cv-13958, 2015 WL 3522546 (E.D. Mich. June 4, 2015). In 2015, the district court dismissed Rafaeli's challenge because "before a taking claim may be considered ripe for adjudication in this Court, Plaintiffs must first bring an inverse condemnation claim in state court, seeking to recover their forfeited surplus equity." *Rafaeli*, 2015 WL 3522546, at *9. Afterwards, Plaintiffs did just that. The case of first impression is now being heard before the Michigan Supreme Court with the same question this case poses: "whether the defendants violated either the Takings Clause of the United States Constitution, U.S. Const., Am. V, or the Takings Clause of the Michigan Constitution, Const. 1963, art. 10, § 2, or both, by retaining proceeds from the sale of tax foreclosed property that exceeded the amount of the ax delinquency in accordance with MCL 211.78m(8)(h)." *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 503 Mich. 909 (Nov. 21, 2018).

In *Wayside Church*, the Sixth Circuit, following precedent in *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, dismissed the case for lack of jurisdiction and ruled that "§ 211.78l of the GPTA does not bar Plaintiffs from filing their Takings Clause claims in state court[,]" and "the district court erred in finding that the claims were not barred by the Tax Injunction Act and the doctrine of comity[.]" *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 822-823 (6th Cir. Feb. 10, 2017). However, in 2019, the U.S. Supreme Court overruled *Williamson County* and stated that "[a] property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government" without a state litigation requirement. *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2179 (2019). In light of this shifting landscape regarding federal court's jurisdiction in GPTA challenges, the district court in *Wayside Church* has reopened the case and is holding in abeyance awaiting the Michigan Supreme Court's decision in *Rafaeli*.

Similar to *Rafaeli*, *Freed*, which is currently before the 6th Circuit, considers whether the General Property Tax Act, Act 206 of 1893 is unconstitutional in light of the United States Supreme Court's holding in *Knick*, which overruled "[t]he state-litigation requirement of *Williamson County*." *Knick*, 139 S. Ct. at 217.

Given the precedential power of the pending decisions, their holdings are not merely informative, but imperative. Therefore, the Court finds that judicial economy

is best served by waiting for further instruction. Defendants argue that despite *Rafaeli* and *Freed*, the Court still lacks jurisdiction under the Tax Injunction Act and the doctrine of comity, however, this same argument was raised and is now being reconsidered by the *Wayside Church* court in light of recent cases. This Court is following suit.

Defendants also argue that the *Rooker-Feldman* doctrine also bars the Court's jurisdiction, however, Plaintiff explains that he "does not seek to reverse the tax foreclosure per the Rooker-Feldman doctrine, but requests just compensation and return of the equity in his property." Compl. ¶ 27. Defendants, even Defendant MMRA who the Magistrate Judge recommends dismissing, also launch substantive defenses under 12 (b)(6) and even a call for sanctions against Plaintiff for bringing a second suit. Because the Court has yet to decide whether or not it has jurisdiction over this case, it declines to opine on such matters of merit, and will decide all Defendants arguments regarding jurisdiction and merit at the appropriate time.

Defendants finally argue that res judicata prevents this Court from hearing this case. The Court finds that this argument does not comport with the elements of res judicata: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.*,

570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Products Co.,* 123

F.3d 877, 880 (6th Cir.1997).)

Because this Court never found itself to be a "court of competent jurisdiction,"

its prior holding does not have preclusive effect. Although "Rule 12(b)(6) judgments

are dismissals on the merits" which are subject to the doctrine of res judicata, "Rule

12(b)(1) dismissals are not." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th

Cir. 1986). *See, e.g.*, *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) ("[A]

dismissal for lack of subject matter jurisdiction does not operate as an adjudication

on the merits for preclusive purposes." (quoting *Holloway v. Brush*, 220 F.3d 767,

778 (6th Cir. 2000) ) ); *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir.

2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without

prejudice, since by definition the court lacks power to reach the merits of the case."

(citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005) ) ). Therefore, the Court

may entertain this case anew.


**2. Plaintiff's Objections: Defendants MMRMA, Habitat for Humanity and Sciupo should not be dismissed**

Pursuant to Defendant Habitat's own objection that the Court should not opine

on its arguments for dismissal on the merits and for the reasons stated above, the

Court sustains this objection and denies the motions without prejudice pending

*Rafaeli* and *Freed* so that it may be decided after the Court's finding on jurisdiction.

CONCLUSION

For the reasons stated below, **ADOPTS in part** the R&R [55]; **DENIES WITHOUT PREJUDICE** all Defendants Motions to Dismiss [**9, 10, 13, 17, 22, 50**] and administratively **STAYS** the case pending the decisions in *Rafaeli, LLC v. Oakland Cty.*, No. 156849 (Mich.) and *Freed v. Thomas*, No. 18-2312 (6th Cir.).

Accordingly,

**IT IS ORDERED** that the R&R [55] is **ADOPTED in part**.

**IT IS FURTHER ORDERED** that Defendants' Objections [**56, 57, 58, 59, 60**] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [60] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss are **DENIED WITHOUT PREJUDICE** [9, 10, 13, 17, 22, 50].

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY STAYED**.

**SO ORDERED**.


                        s/Arthur J. Tarnow
                        Arthur J. Tarnow
Dated: May 31, 2020        Senior United States District Judge